LEE SQUITIERI
**SQUITIERI & FEARON, LLP**
305 Broadway
7th Floor
New York, New York 10007
Telephone:  (212) 421-6492
Fax:        (212) 421-6553
Email:      lee@sfclasslaw.com

MARIO A. ISKANDER (SBN 327025)
**THE LAW OFFICES OF MARIO A. ISKANDER**
1110 E. 6th Street
Santa Ana, California 92701
Telephone:  (240) 439-1970
Email:      mario@iskanderlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON RAMEY LOGAN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>META PLATFORMS, INC., f/k/a FACEBOOK, INC.,<br><br>　　　　　　　　Defendant. | Case No. 3:22-cv-01847-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

　　　　Pursuant to Federal Rule of Civil Procedure 26(f), a conference was held on July 31, 2023, between counsel for Plaintiff and counsel for Defendant.  The Parties, by and through their undersigned counsel, met and conferred concerning the topics set forth in Rule 26(f), and the United States District Court for the Northern District of California's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information and Guidelines for the Discovery of Electronically Stored Information.  Pursuant to Rule 26(f)(2) and Civil Local Rules 16-9(a), the Parties hereby submit this Joint Rule 26(f) Report in advance of the Case Management Conference scheduled for August 18, 2023, at 10:00 a.m.

**1.     Jurisdiction & Service**

This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq.  This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Plaintiff contends that this Court also has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A) ("CAFA").  Defendant does not contest subject matter jurisdiction.  *See* ECF No. 47, Answer at ¶¶ 12-13.

This Court has personal jurisdiction over Defendant as Meta maintains its headquarters in California.  Plaintiff contends that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a) because Defendant maintains a significant portion of its operations in this District.  Defendant does not contest venue.  *Id.* at ¶ 14.

**2.     Facts**

On February 16, 2022, Plaintiff filed a complaint, alleging copyright infringement, inducement of copyright infringement, violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202-1205 (the "DMCA"), contributory copyright infringement, and vicarious copyright infringement, seeking certification of a class action pursuant to Federal Rule of Civil Procedure 23 and certifying Plaintiff as the representative and his undersigned counsel as counsel for the Class, and demanding a trial by jury on all claims for which a jury is permitted.  On May 16, 2022, Plaintiff filed a First Amended Complaint, adding a cause of action for false advertising under the Lanham Act, 15 U.S.C. § 1125(a).  On December 6, 2022, Plaintiff filed a Second Amended Complaint asserting the same causes of action.  On May 24, 2023, the Court dismissed all claims except Plaintiff's direct infringement claims concerning the 16 works alleged in the Second Amended Complaint with prejudice.

Plaintiff Logan contends that he is a photographer who maintains an account on Wikicommons and contends that he published his copyrighted photographs on Wikicommons and Wikipedia under the terms and conditions of a Creative Commons License.

Defendant Meta Platforms, Inc.("Meta") offers a variety of technologies aimed at helping people connect and share, find communities, and grow businesses.  Meta operates

1  www.facebook.com ("Facebook").

2  Plaintiff alleges Defendant violated his rights by downloading 16 of his photographs onto
3  Meta's servers and using those photographs in its check-in and place page features without
4  following the terms of the applicable licenses and without other permission.  Plaintiff further
5  alleges that Defendant continues to violate his rights through use of his photographs on
6  Facebook.

7  Defendant denies it has violated any of Plaintiff's rights.

8  **3.    Legal Issues**

9  a) Whether a class should be certified under Federal Rule of Civil Procedure 23;

10 b) Whether Defendant directly infringed Plaintiff's copyrights under 17 U.S.C. §§
11 106, *et seq.*;

12 c) Whether and to what extent the parties are entitled to damages—statutory or
13 otherwise—costs, attorneys fees, and interest;

14 d) Whether Defendant's affirmative defenses of express or implied license; fair use;
15 17 U.S.C. § 512, including without limitation § 512(b); or the statue of limitations bar or abate
16 any of Plaintiff's claims.

17 **4.    Motions**

18 Defendant has filed two motions to dismiss, one to dismiss Plaintiff's First Amended
19 Complaint and one to dismiss Plaintiff's Second Amended Complaint.  The first was granted
20 with leave to amend.  The second motion was granted with respect to Plaintiff's First, Third, and
21 Fourth Causes of Action without leave to amend.  Accordingly, only Plaintiff's Second Cause of
22 Action asserting direct copyright infringement of 16 works remains.  *See* Order Granting Motion
23 to Dismiss (ECF No. 45).  If the case proceeds, the Parties anticipate various discovery motions,
24 a motion for class certification, and summary judgment motions

25 **5.    Amendment of Pleadings**

26 The parties do not anticipate any further amendment of pleadings. Plaintiff reserves the
27 right to seek to  amend to revise the class definition at the time of filing of the motion for class

certification. Plaintiff also reserves the right to seek to amend to include any copyright protected photos that plaintiff may discover defendant has used without authorization. Defendant does not agree to further amendment of the pleadings.

**6.  Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in the case. The parties will continue to meet and confer regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.  Disclosures**

The parties will serve Initial Disclosures as required by Rule 26(a)(1)(A) within 14 days of the initial case management conference.

**8.  Discovery**

a)  **Scope of Discovery from Defendant.**  The following is a non-exhaustive list of subjects that Plaintiff plans to seek discovery on: defendant's use of plaintiff's works; defendant's practices and procedures for determining to use plaintiff's photos; the direct or indirect monetary benefits to defendant from the use of plaintiff's photos; defendant's actions after being repeatedly informed by plaintiff to cease their use of plaintiff's photos; the manner and means that defendant used to make plaintiff's photos appear on Facebook pages; defendant's use of plaintiff's photos in connection with advertising or "boosts"; the amount of defendant's gross or net revenues derived through, or in connection with defendant's use of plaintiff's photos; the manner in which defendant identified and found plaintiff's photos; class certification issues; affirmative defenses. Plaintiff reserves all rights to expand upon these subject areas as the case progresses.

b)  **Scope of Discovery from Plaintiff.**  The following is a non-exhaustive list of subjects that Defendant plans to seek discovery on. Defendant reserves all rights to expand upon these subject areas as the case progresses: Plaintiff's lack of harm, Plaintiff's ownership of and

copyright interest in the works asserted in the Second Amended Complaint, Plaintiff's and any third party's use or distribution of the asserted works, licenses related to the asserted works, any copyright registrations or applications for registration of any of the asserted works, the reason(s) Plaintiff chose each particular Creative Commons license Plaintiff claims forms the basis of his claims for each of the asserted works, Plaintiff's use of Facebook.

      c)      **Time for Discovery.**  The parties estimate that fact discovery should be completed by April or May 2024.

      d)      **Discovery Limits.**  The parties believe any discussion of the limitation or expansion of discovery is premature.  The parties will continue to meet and confer regarding reasonable and proportionate discovery in this action.

      e)      **Production of Electronically Stored Information.**  The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties will meet and confer on this topic in an attempt to come to agreement on a stipulated order regarding production of ESI.

      f)      **Protective Order.**  The parties will attempt to agree to a stipulated protective order and will meet and confer regarding the terms of that agreement.

      g)      **Privilege.**  The parties will attempt to agree to a stipulated Privileged Materials Order under Rule 502(d) and will meet and confer regarding the terms of that agreement.

      h)      **Discovery Issues and Potential Disputes.**  The parties agree that discovery may commence once Initial Disclosures are served.  Plaintiff anticipates discovery disputes regarding production of voluminous data repositories held by Defendant and whether and to what extent Defendant's source code will be produced.  The parties will meet and confer on these and any other discovery disputes that may arise in an effort to resolve the disputes without court intervention.  The parties have agreed to electronic service in all instances where service is necessary and will exchange service lists.

**9.**      **Class Actions**

      a)      Plaintiff contends that he brings this action as a class action pursuant to Federal

Rules of Civil Procedure 23(a), 23(b)(2), and/or 23(b)(3), on behalf of the following class:

> All individual persons or entities who, from July 1, 2013 to the present ("Class Period"), owning the exclusive copyright to publicly perform, reproduce, publicly display, or distribute film, audiovisual, or photographs and/or videos over the Internet for any work first going into the public domain after December 31, 1977 and whose registered copyrighted work(s) have been uploaded to Meta, where such copyrighted owner has had their copyrighted work stored and/or saved on Meta's servers. Excluded from the class are: (a) Meta; (b) the subsidiaries and affiliates of Meta; (c) any person or entity who is a partner, officer, director, employee, or controlling person of Meta; (d) any entity in which Meta have a controlling interest; © any rights holder as to whom Meta have directly granted express permission for a license to a third party embedder for acts of infringement occurring after such license began; and (f) the legal representatives, heirs, successors, and assigns of any excluded party.

b) Plaintiff contends that he reserves the right to amend the Class definition if further investigation and/or discovery reveal that the Class should be expanded, divided into subclasses, or otherwise modified.

c) The parties agree that phased discovery will not be necessary in this case. Defendant disputes that Plaintiff can meet his burden of establishing that any class can be certified.

**10.     Related Cases**

This case was initially related to Hunley v. Instagram, LLC, No. 3:21-cv-03778-CRB before this Court. This Court's order granting Instagram's motion to dismiss in that case regarding Instagram's embedding feature was appealed to and affirmed by the Ninth Circuit.

This Court has dismissed Plaintiff's claims to the extent they rely on an embedding theory. *See* ECF No. 45 at 3, n.1. Meta accordingly no longer contends the cases are related.

**11.  Relief**

a)  Plaintiff seeks either the actual damages caused by, and the profits earned from, the infringement, or statutory damages of up to $150,000 for willful infringement for each copyrighted work. *See* 17 USC §504(b) and (c). The election can be made at any time up to the time of trial.

b)  Plaintiff also seeks an injunction against further infringement of Logan's copyrighted photographs.

**12.  Settlement and ADR**

a)  The parties have complied with ADR L-R 3-5. Settlement discussions are ongoing.

b)   The parties propose the case be immediately referred for Early Neutral Evaluation pursuant to ADR L-R 5. The parties will confer at that time regarding whether Plaintiff should receive information from defendant to facilitate a discussion of settlement. Referral for ENE need not await additional discovery or motions are necessary to position the parties to negotiate a resolution.

c)  If settlement discussions are unsuccessful, the parties will discuss whether it would be more efficient for the claims to be referred to the Copyright Claims Board of the Copyright Office pursuant to 17 U.S.C. § 1509(b).

**13.  Other References**

The parties do not believe that other references are appropriate at this time.

**14.  Narrowing of Issues**

Plaintiff's claims have been significantly narrowed by the Court's order dismissing several causes of action in the Second Amended Complaint. (ECF No. 45). No other issues have been narrowed by agreement or by motion. The parties will continue to meet and confer about narrowing potential issues should the circumstances of the case change.

**15.     Expedited Trial Procedure**

Plaintiff contends this case can be handled under an expedited trial procedure. Defendant believes this case should be handled according to the case schedule below.

**16.     Scheduling**

The parties propose the following case schedule:

| Case Event | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Initial Disclosures | September 1, 2023 | September 1, 2023 |
| Completion of Initial ADR Session | October 13, 2023 | October 13, 2023 |
| Close of Written and Document Fact Discovery | March 14, 2024 | March 14, 2024 |
| Close of Fact Discovery | April 9, 2024 | May 9, 2024 |
| Opening Expert Reports | May 13, 2024 | June 13, 2024 |
| Rebuttal Expert Reports | June 18, 2024 | July 18, 2024 |
| Close of Expert Discovery | July 18, 2024 | August 22, 2024 |
| Class Certification Motions | November 19, 2023 | September 19, 2024 |
| Class Certification Oppositions | January 10, 2024 | October 17, 2024 |
| Class Certification Replies | February 14, 2024 | November 14, 2024 |
| Class Certification Hearing | To be set by Court | To be set by Court |
| Summary Judgment and *Daubert* Motions | September 30, 2024 | January 30, 2025 |
| Summary Judgment and *Daubert* Motion Oppositions | November 27, 2024 | February 27, 2025 |
| Summary Judgment and *Daubert* Motion Replies | December 30, 2024 | March 20, 2025 |
| Deadline to M&C re Pretrial Issues and Exchange Exhibits | TBD | April 17, 2025 |
| Motions in Limine | TBD | May 15, 2025 |
| Motion in Limine Oppositions | TBD | June 5, 2025 |
| Final Pretrial Conference | To be set by Court | To be set by Court |
| Trial (estimated 1 week) | To be set by Court | To be set by Court |

**17.     Trial**

Plaintiff seeks a jury trial. The parties expect a jury trial to take approximately one week.

**18.     Disclosure of Non-party Interested Entities or Persons**

The parties have not yet filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15 but will endeavor to do so before the initial case management conference set for August 18. Both parties represent that no persons, firms, partnerships,

Page **8** of **11**

corporations (including parent corporations) or other entities known by the party have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**19.  Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  August 11, 2023       By:  */s/ Lee Squitieri*
                                   Lee Squitieri
                                   SQUITIERI & FEARON, LLP

                                   Counsel for Plaintiff DON RAMEY LOGAN

Dated:  August 11, 2023       By:  */s/ Joseph C. Gratz*
                                   Joseph C. Gratz
                                   jgratz@mofo.com
                                   MORRISON & FOERSTER LLP
                                   425 Market St.
                                   San Francisco, CA 94105
                                   Telephone: (415) 362-6666
                                   Fascimile:  (415)236-6300

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.  [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
United States District/Magistrate Judge

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-4.3.4, regarding signatures, I, Joseph C. Gratz, attest that the concurrence in the filing of document has been obtained.

Dated: August 11, 2023

/s/ *Joseph C. Gratz*
Joseph C. Gratz